69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nyri SCANLON, by and with her Guardians, Regina and Charles
BIRKNER, Plaintiffs--Appellants,
v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT; California State
Board of Education, et al., Defendants--Appellees.
Nyri SCANLON, by and with her Guardians, Regina and Charles
BIRKNER, Plaintiffs--Appellants,
v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT; Raymond Cortines;
Joann Miller; Tom Ammiano; Carlota Del Portello; Libby
Denebeim; Dan Kelly; Fred Rodriguez; Leland Y. Lee;
California State Board of Education, Defendants--Appellees.
 Nos. 94-15822, 94-16792.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Oct. 30, 1995.
 
 1
 Before: FERGUSON and HAWKINS, Circuit Judges, and NIELSEN*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This case arises out of a dispute between Nyri Scanlon and her guardians, Regina and Charles Birkner, and the San Francisco Unified School District over the proper school placement for Nyri under the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs, appearing pro se on appeal, raise a single issue: whether the district court erred in refusing to hear additional testimony pursuant to 20 U.S.C. Sec. 1415(e)(2), which provides that the district court "shall" hear additional evidence at the request of a party in an action challenging an administrative decision regarding proper placement of a child with a disability under the IDEA. We recently explained that "additional" evidence means "supplemental" evidence and supplementation "must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." Ojai Unified School Dist. v. Jackson, 4 F.3d 1467, 1473 (9th Cir.1993), cert. denied, 115 S.Ct. 90 (1994) (quoting Town of Burlington v. Department of Educ. of Commonwealth of Mass., 736 F.2d 773, 790 (1984), aff'd, 471 U.S. 359 (1985). Adopting the First Circuit's approach, we explained:
 
 
 4
 The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.... In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.
 
 
 5
 Jackson, 4 F.3d at 1473 (quoting Town of Burlington, 736 F.2d at 790).
 
 
 6
 Plaintiffs contend that the district court erred in denying their motion for the court to hear additional evidence, which according to plaintiff's brief was made at the hearing on defendants' motion for summary judgment after the district court granted the motion from the bench. Plaintiffs explain that they wished to present additional evidence "of the gross factual error relied upon by Officer Fait in his September '90 Decision." Specifically, plaintiffs request remand to the district court to consider proof that the resource specialist who was to oversee Nyri's individualized educational program ("IEP") at Wallenberg, the school defendants proposed for Nyri in 1990, did not possess the qualifications the administrative officer found him to possess. Plaintiffs had the opportunity to examine the resource specialist at the administrative hearing. They do not explain why such evidence was not introduced at that time. By attempting to introduce evidence that should have been, but was not, presented to the administrative officer, plaintiffs seek to convert this action into a trial de novo. Consequently, the district court did not abuse its discretion in refusing to hear additional evidence.
 
 
 7
 Even if we were to find that the district court abused its discretion to hear this additional evidence, erroneous evidentiary rulings do not warrant reversal in the absence of prejudice. City of Long Beach v. Standard Oil Co. of California, 46 F.3d 929, 936 (9th Cir.1995). Plaintiffs have failed to establish prejudice. The resource specialist's qualifications were only one of ten concerns expressed by the Birkners and rejected by the administrative hearing officer. The determination of the appropriateness of the educational program proposed for Nyri would not be altered by the presentation of new evidence regarding the resource specialist's qualifications.
 
 
 8
 Plaintiffs' attorney at the trial level appeals the district court's denial of attorney's fees. In reviewing a decision denying fees, we review de novo whether the district court applied the correct legal standard. Parents of Student W. v. Puyallup School Dist. No. 3, 31 F.3d 1489, 1498 (9th Cir.1994). The district court's findings of fact supporting its decision is reviewed for clear error. Sablan v. Department of Finance of Commonwealth of Northern Mariana Islands, 856 F.2d 1317, 1324 (9th Cir.1988). If the district court applied the correct legal standard, the decision not to award is reviewed for abuse of discretion. United States v. First Nat'l Bank of Circle, 732 F.2d 1444, 1446 (9th Cir.1984).
 
 
 9
 A district court may, in its discretion, award reasonable attorneys' fees as part of the costs to the guardian of a child with a disability who is the prevailing party in an action under the IDEA. 20 U.S.C. Sec. 1415(e)(4)(B). The district court, applying this standard, determined that the Birkners were not the prevailing party because the court had granted summary judgment in favor of defendants on all counts of the amended complaint and any concessions defendants made regarding Nyri's individualized educational plan were more likely the result of defendants' continuing statutory obligation to establish or revise an IEP for Nyri at the beginning of each school year than a result of the lawsuit. At the hearing on the motion for summary judgment, Mr. Birkner admitted that "there were never settlement conferences of any kind" and "no offers have ever been made." Consequently, the district court's factual findings are not clearly erroneous.
 
 
 10
 Moreover, the district court's decision concerning Nyri's placement pending the outcome of this lawsuit does not make plaintiffs the prevailing party. The court specifically refused to address the merits of the suit in issuing this order, which did nothing more than preserve the status quo. Such "standstill" orders do not reflect a decision on the merits. See Christopher P. v. Marcus, 915 F.2d 794, 805 (2nd Cir.1990), cert. denied, 498 U.S. 1123 (1991).
 
 
 11
 Accordingly, the district court did not err in finding that the Birkners were not "prevailing parties" within the meaning of the statute and in refusing to award attorney's fees.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable William Fremming Nielsen, United States District Judge for the District of Eastern Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3